UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
QUINTINA MARTINEZ,

                    Plaintiff,                    VERIFIED COMPLAINT
                                                TRIAL BY JURY DEMANDED

          -against-                                        Case No. 22-CV-3387

KEVIN WILLIAM KERSTING
and QUARRY MANAGEMENT HOLDINGS, LLC

                    Defendants.
-----------------------------------------------------------------X

      Plaintiff, by her attorneys, HARRY I. KATZ, P.C., as and for her Complaint, respectfully alleges, upon information and belief, as follows:

## PARTIES

1. Plaintiff is a resident of the State of New York.

2. Defendant Kevin William Kersting is a resident of the State of Pennsylvania.

3. Defendant Quarry Management Holdings, LLC is resident of the State of Pennsylvania.

## JURISDICTION

4. The amount in controversy herein exceeds the amount of $75,000.00, exclusive of costs and interest.

5. This Court has jurisdiction in this matter under 28 U.S.C. § 1332(2).

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1391(a)(2).

7. A trial by jury is demanded.

## CAUSE OF ACTION

8. Upon information and belief, at the time herein mentioned, defendant[1] Kevin William Kersting was the operator of a motor vehicle bearing license plate AH03565 for the State of Pennsylvania for the year 2021.

9. Upon information and belief, at the time herein mentioned, defendant Quarry Management Holdings, LLC was the owner of a certain motor vehicle bearing license plate AH03565 for the State of Pennsylvania for the year 2021.

10. Upon information and belief, at the time herein mentioned, defendant Quarry Management Holdings, LLC was a limited liability company registered in the State of Pennsylvania.

---

[1] All references to "defendant" throughout this complaint are intended to refer individually to each defendant named in the caption unless otherwise specified.

11. Upon information and belief, at the time herein mentioned, defendant operated the aforementioned vehicle with the expressed or implied permission or consent of the owner.

12. At all times herein mentioned, plaintiff, Quintina Martinez was the operator of a vehicle bearing plate number HNN8005 for the State of New York for the year 2021.

13. Upon information and belief, at all times herein mentioned, southbound interstate 87 in the vicinity of Mile Post Marker 18.6 in the County of Westchester, Town of Clarkstown State of New York, was a public highway.

14. On July 21, 2021 the defendants' vehicle came into contact with another vehicle.

15. On July 21, 2021 at approximately 6:00 a.m. the defendants' vehicle came into contact with another vehicle.

16. On July 21, 2021 at approximately 6:00 a.m. the defendants' vehicle came into contact with another vehicle at the aforementioned place.

17. On July 21, 2021 at approximately 6:00 a.m. the defendants' vehicle came into contact with the plaintiff's vehicle.

18. On July 21 2021 at approximately 6:00 a.m. the defendants' vehicle came in contact with the rear of another vehicle.

19. On July 21, 2021 at approximately 6:00 a.m. the defendants' vehicle came in contact with the rear of plaintiff's vehicle.

20. At the time and place aforesaid, both vehicles were traveling southbound on Interstate 87 in the vicinity of Mile Post Marker 18.6 in the County of Westchester, City and State of New York.

21. Following the subject incident, defendant Kersting told the police he did not realize that he had hit the vehicle in front of him.

22. As a result of the foregoing, plaintiff, Quintina Martinez sustained personal injury as well as shock to her nervous system.

23. That the aforesaid occurrence was caused by and through the negligence of the defendant herein, her agents, servants and/or employees, in operating the vehicle in a careless, reckless manner; in coming into contact with the rear of plaintiff's vehicle; in failing to look; in failing to keep a proper lookout; in failing to see what there was to be seen; in failing to be aware of the traffic conditions; in failing to allow sufficient distance between the defendant's vehicle and the vehicle in front of him; in following too closely behind the other vehicle; in failing to obey the traffic lights and signals at the subject location; in carelessly, recklessly and negligently coming

into contact with the another vehicle which then struck plaintiff's vehicle; in operating the vehicle at an excessive and unlawful rate of speed for the conditions then prevailing; in carelessly, recklessly and negligently coming into contact with the vehicle which plaintiff was operating; in failing to pay proper attention to driving; in failing to obey the signs, signals or other warnings at the aforesaid place; in failing and neglecting to pay due regard to the speed of the vehicles and the existing conditions of the traffic at the aforesaid place; in operating the vehicle in an unreasonable and imprudent manner; in failing timely and/or properly to apply the brakes; in failing to maintain proper and safe control of the motor vehicle; in failing to operate the motor vehicle with reasonable care; in failing properly to maintain the vehicle for safe use on public highways; in failing to operate the vehicle with reasonable care with regard to the actual and potential hazards existing from road and/or existing traffic conditions; in failing to see that which should have been seen by the proper use of the senses; in failing to keep and maintain the vehicle in good and safe repair for use on the public highways; in causing, permitting and/or allowing the vehicle to come into contact with another vehicle; in failing to give the plaintiff a safe place to travel; in failing to obey the New York State Vehicle and Traffic Law; in failing to apply the brakes so as to avoid this occurrence; in failing to sound the horn; in failing to take steps to avoid this occurrence; and the defendant was otherwise negligent.

24.     That as a result of the aforesaid occurrence, the plaintiff was rendered sick, sore, lame and disabled and suffered painful and, upon information and belief, permanent injuries with accompanying pain, as well as shock to her nervous system, suffered and continues to suffer pain and emotional and psychological injury, was required to and did receive medical treatment for her

injuries and may in the future be so required, was forced to expend various sums of money in an effort to cure herself and may in the future be so required, was prevented from attending to her usual duties and activities and may in the future be so prevented, and she has sustained a serious injury as defined in Subsection (d) of Section 5102 of the Insurance Law or economic loss greater than basic economic loss as defined in Subsection (a) of Section 5102 of the New York Insurance Law, all to herdamage in the sum of Five Million Dollars.

WHEREFORE, plaintiff demands judgment against the defendants in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Yours, etc.

HARRY I. KATZ, P.C.

By: VICTORIA L. WEINMAN
(VLW 4041)
Attorney for Plaintiff(s)
61-25 Utopia Parkway
Fresh Meadows, NY 11365

STATE OF NEW YORK      )
                       )s.s.:
COUNTY OF QUEENS       )

Quintina Martinez being duly sworn deposes and says:

Deponent is the plaintiff in the within action and has read the foregoing

_____Complaint_____

and knows the contents thereof, that the same are true to deponent's own knowledge, except as to the matters therein started to be alleged on information and belief and as to those matters deponent believes them to be true.

_____

Sworn to before me this 25
day of April, 2022

_____
Notary Public

JOANN EVERS
Notary Public, State of New York
No. 01EV4988644
Qualified in Queens County
Commission Expires November 12, 2025